UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DOUGLAS LARSON,<br><br>Petitioner,<br><br>v.<br><br>P. COVELLO, et al.,<br><br>Respondents. | No. 2:21-cv-0235 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus and a request for leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner asserts that he should be released from prison because officials at his prison have not responded adequately to the Covid-19 pandemic resulting in harmful conditions of confinement.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). This is the case if this court considers petitioner's habeas petition under 28 U.S.C. § 2254 or § 2241. Laing v. Ashcroft, 370, F.3d 994, 997 (9th Cir. 2004). A habeas petitioner satisfies the exhaustion requirement by providing the highest

/////

1

state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

In his petition, petitioner admits he has not presented any of his claims to any California court. This being the case, petition is not entitled to habeas relief.

Petitioner has filed a motion asking permission to supplement his habeas petition with a 42 U.S.C. §1983 complaint. Because a 42 U.S.C. § 1983 action involves laws which are different from those which apply in a habeas action (e.g. laws concerning filing fees, statutes of limitation, exhaustion requirements), the court does not permit one action to contain both habeas claims and § 1983 claims. If petitioner seeks relief under 42 U.S.C. § 1983, he must file a separate action. Petitioner is advised the filing fee in a § 1983 action is $350, which petitioner would be permitted to pay in installments, as opposed to the $5 filing fee for a habeas action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 14) is granted;

2. Petitioner's "motion for adjunct habeas corpus § 2254 to civil rights complaint . . ." (ECF No. 12) is denied; and

3. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's habeas petition be dismissed without prejudice for failure to exhaust state court remedies; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 24, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lars0235.103

3